UNITED STATES COURT OF APPEALS- TENTH CIRCUIT
1823 Stout Street
Denver, Colorado 80257

---

Tenth Circuit No. 21- 1397
D.C. No. 1: 21- CV- 00330- LTB

CEDRIC GREENE,

Plaintiff/ Petitioner-Appellant,

v.

DENVER COUNTY COURT, et al,

Defendants- Appellee.

---

Tenth Circuit No. 21- 1395
D.C. No. 1: 21- CV- 00285- LTB

CEDRIC GREENE,

Plaintiff/ Petitioner- Appellant,

v.

FRONTIER AIRLINES, INC,

Defendants- Appellee.

---

Tenth Circuit No. 21- 1245
D.C. No. 1: 21- CV- 01613- LTB

CEDRIC GREENE,

Plaintiff/ Petitioner-Appellant,

v.

CHARTER SPECTRUM INC.,

Defendant- Appellee.

## MOTION TO CONSOLIDATE; AFFIDAVIT IN SUPPORT OF THE MOTION

**1.**

The above case matters appeared in this Court from the District of Colorado. In the lower court, restrictions against the self- represented litigant didn't permit the case matters to proceed within their process.

Under the written provisions of Federal Rules of Appellate Procedure 27(2)(A), Greene ask that the Court consolidate the case matters.

The motion of Mr. Greene is accompanied by an affidavit in support of its submission.

The affidavit of *Cedric Greene* is presented to the Tenth Circuit under Federal Rules of Appellate Procedure 27(2)(B)(1).

*AFFIDAVIT OF CEDRIC GREENE IN SUPPORT OF HIS MOTION TO CONSOLIDATE THE CASE APPEALS*

**2.**

This Court had entered an order on September 21, 2021, that featured the above case titles, but all were under different case numbers.

Greene sought rehearing, but the Court *immediately denied* on October 5, 2021. In Greene's efforts to further pursue the matters in the lower court, he wasn't permitted.

In each of the District Court matters, the orders entered by the Senior Judge *instructed the Clerk of their Court to strike any future filings in the closed actions.*

Even though this Court's past order expressed what it expressed, the Senior Judge of that Court was not in agreement to permit the case matters to proceed.

It's unknown if another jurisdiction outside of Colorado played an influence in the Senior Judge's decision, but what's known is Greene *"official restricted status"* in that Court.

That is why it's necessary to authorize consolidation of the above matters.

We don't believe that it's a need to devote Tenth Circuit resources to each of them when the case issues are here on the restrictions in the lower court.

If the District of Colorado's restrictions are influenced from another system, how much more bullying can they do?

Are they going to continue to disrupt Greene's case matters because they are disgruntled with his decisions to proceed in a different path that doesn't involve their system?

It's identical to the Democrats push to go after President Trump. They are using the January 6, 2021 Capitol attack for reasons not related to the attack itself.

They even neglected their duties in office with an *"all or nothing effort"* to impeach him during his time in office, and issued countless investigations one after the other.

The special committee appointed is just "created smoke" to prevent him from being in the mid-term elections to replace incompetent Joe Biden. When is this attack on President Trump going to stop?

California alone challenged everything he sought to do in office, and was making valued efforts to influence other States to join them in their *unnecessary harassment attacks* on the former President.

The exact California system that blackballed Cedric Greene, is the exact system that kept filing claims against the Trump administration every time he made efforts to make an official move.

They even disrespected one of his executive orders, referring to it as *it wasn't any money in the piggy bank to cover the additional benefits relief.*

If the District of Colorado's restrictions are coming from that state, they should focus their time and resources with others that are in agreement to work within their system.

They must stop being a disruption to Greene's matters because he seeks to work within this state. Colorado is Greene's home State if his relationship wasn't the topic.

Relationships influences us to compromise on living environments that wouldn't cause for us to be within environments if the relationship wasn't the topic.

Work is something entirely different. Greene's relationship doesn't require him to work within their system as anything. They should move on, and cooperate with Colorado officials.

As to these appeals, each one of them appeared in the Tenth Circuit on restrictions. We wish to present a brief that could give the Court the legal authority to work around the restrictions.

If the Senior Judge in the lower court is still against Greene, the only option is to move on.

As to the other jurisdictions, it's not possible to work within their system and the litigant isn't psychologically able. Greene's spouse is repeating the exact language.

Our mission in these latest appeals is to provide a presentation to this Court under the codes that should give the Court the legal power to issue instructions to the District of Colorado to permit the case matters to move forward.

On the other hand, they cannot move forward in their Court and their Senior Judge isn't in agreement to permit Greene to proceed *pro se.*

Based on all of the above, we respectfully ask the Tenth Circuit to approve for all of the above case matters to be consolidated.

I DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this affidavit was executed and signed by Mr. Greene.

Date: November 24, 2021                                                                 Signed by: *Cedric Greene*

Cedric Greene
501 E. 6th Street
Los Angeles, CA. 90021

U.S. POSTAGE PAID
FCM LETTER
LOS ANGELES, CA
90013
NOV 24, 21
AMOUNT
$0.58
R2305H129821-08

Tenth Circuit Court of Appeals
1823 Stout Street
Denver, Colorado 80257