APPEAL,JD1,PS6,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:21–cv–00385–LTB</u>

Greene v. Frontier Airlines, Inc.                                Date Filed: 02/05/2021
Assigned to: Judge Lewis T. Babcock                      Date Terminated: 02/10/2021
Case in other court:   USCA, 21–01070                   Jury Demand: None
                USCA, 21–01395              Nature of Suit: 440 Civil Rights: Other
Cause: 42:1983 Civil Rights Act                           Jurisdiction: Federal Question

**Plaintiff**

**Cedric Greene**                            represented by  **Cedric Greene**
                                                                          501 East 6th Street
                                                                          Los Angeles, CA 90021
                                                                          323–972–9966
                                                                          PRO SE

V.

**Defendant**

**Frontier Airlines, Inc.**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/05/2021 | <u>1</u> | | Plaintiff's MOTION dor Leave to file a "Pro Se" Action in the District of Colorado and Request for Judicial Notice by Plaintiff Cedric Greene. (cpomm, ) (Entered: 02/08/2021) |
| 02/05/2021 | 2 | | Case assigned to Magistrate Judge Gordon P. Gallagher. Text Only Entry (cpomm, ) (Entered: 02/08/2021) |
| 02/10/2021 | <u>3</u> | | ORDER DISMISSING ACTION. The action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with the sanction order restricting his ability to file pro se actions in the District of Colorado. IFP on appeal is denied, by Judge Lewis T. Babcock on February 10, 2021. (rvill, ) (Entered: 02/10/2021) |
| 02/10/2021 | <u>4</u> | | JUDGMENT by Clerk re: <u>3</u> Order Dismissing Actions on February 10, 2021. (rvill, ) (Entered: 02/10/2021) |
| 02/26/2021 | <u>5</u> | | NOTICE OF APPEAL as to <u>3</u> Order Dismissing Case, <u>4</u> Clerk's Judgment, by Plaintiff Cedric Greene. (athom, ) (Entered: 03/01/2021) |
| 03/01/2021 | <u>6</u> | | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the <u>5</u> Notice of Appeal filed by Cedric Greene to the U.S. Court of Appeals. (Pro Se, Fee not paid and 1915 motion not filed, IFP status on appeal denied in final order,) (Attachments: # <u>1</u> Docket Sheet, # <u>2</u> Preliminary Record) (athom, ) (Entered: 03/01/2021) |

1

| 03/01/2021 | 7 | | USCA Case Number 21−1070 for 5 Notice of Appeal filed by Cedric Greene. (athom, ) (Entered: 03/01/2021) |
|---|---|---|---|
| 03/18/2021 | 8 | | RECORD ON APPEAL filed by the U.S. Court of Appeals for the Tenth Circuit as to 5 Notice of Appeal filed by Cedric Greene. Record on appeal filed. No. of Volumes: 1, Comments: Vol. 1−pleadings. (USCA Case No. 21−1070). Text Only Entry. (rvill, ) (Entered: 03/18/2021) |
| 09/21/2021 | 9 | | USCA Order and Judgment as to 5 Notice of Appeal filed by Cedric Greene : (USCA Case No. 21−1070) (This document is not the Mandate) (sphil, ) (Entered: 09/23/2021) |
| 10/13/2021 | 10 | | MANDATE of USCA as to Cedric Greene re 5 Notice of Appeal and 9 USCA Order and Judgment (USCA Case No. 21−1070) (sdunb, ) (Entered: 10/13/2021) |
| 10/18/2021 | 11 | | MOTION for Leave to File as Pro Se and Reinstate by Plaintiff Cedric Greene. (sdunb, ) (Entered: 10/18/2021) |
| 10/22/2021 | 12 | | MINUTE ORDER. On October 18, 2021, Plaintiff filed a "Motion for Leave to File as Pro Se and Reinstate." (ECF No. 11 ). The Motion is DENIED. This case was dismissed on February 10, 2021 because Plaintiff failed to comply with the filing restrictions imposed against him. (ECF No. 3 ). Any additional documents filed in this case will be stricken, by Judge Lewis T. Babcock on 10/22/2021.(angar, ) (Entered: 10/22/2021) |
| 10/25/2021 | 13 | | **STRICKEN** PLAINTIFFS MOTION FOR RECONSIDERATION TO THE CHIEF JUDGE OF THE U.S. DISTRICT re Relief from 4 Judgment or Order by Plaintiff Cedric Greene. (sdunb, ) Modified on 11/1/2021 strike motion (sdunb, ). (Entered: 10/25/2021) |
| 11/01/2021 | 14 | | MINUTE ORDER. The Clerk of Court is ordered to STRIKE the (ECF. No. 13 ) Motion for Reconsideration to the Chief Judge. Plaintiff is again advised that further filings will not be considered. The Clerk of Court is directed to strike any future filings in this closed action. By Judge Lewis T. Babcock on 11/01/2021.(sdunb, ) (Entered: 11/01/2021) |
| 11/04/2021 | 15 | | NOTICE OF APPEAL as to 4 Clerk's Judgment, 3 Order Dismissing Case,, Order Reassigning Case, 12 Order on Motion for Order, 14 Order on Motion for Reconsideration, by Plaintiff Cedric Greene. (sdunb, ) (Entered: 11/05/2021) |
| 11/05/2021 | 16 | | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 15 Notice of Appeal filed by Cedric Greene to the U.S. Court of Appeals. (Pro Se, Fee not paid,) (Attachments: # 1 Preliminary Record, # 2 Docket Sheet)(sdunb, ) (Entered: 11/05/2021) |
| 11/05/2021 | 17 | | USCA Case Number 21−1395 for 15 Notice of Appeal filed by Cedric Greene. (sdunb, ) (Entered: 11/05/2021) |

Case No.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 0 5 2021**
JEFFREY P. COLWELL
CLERK

**CEDRIC GREENE,**

**Plaintiff,**

**v.**

**FRONTIER AIRLINES, INC.,**

**Defendant.**

---

**PLAINTIFF'S MOTION DOR LEAVE TO FILE A *"PRO SE"* ACTION IN THE DISTRICT OF COLORADO**
**AND**
**REQUEST FOR JUDICAL NOTICE**

---

**Cedric Greene**
**501 East 6th Street**
**Los Angeles, California 90021**
**Tel: (323) 972- 9966**
**Email: cedricgreene33@yahoo.com**

---

### TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO:

---

### (1.)

The Plaintiff (Greene) in this matter is *pro se* with restrictions against his name in the District of Colorado.

On December 15, 2020, the Colorado Supreme Court <u>Denied</u> Greene's request to file a petition for writ of certiorari out of time.

Under the written provisions of Federal Rules of Civil Procedure 7(b)(1) and the District of Colorado restriction order, Greene submits a motion for leave to file a *pro se* action in the District of Colorado.

The *pro se* submission is accompanied with a judicial notice request with the supplied information from Cedric Greene

Greene is asking the District Court to take judicial notice under Federal Rules of Evidence 201(c)(2).

---

### REASONS WHY THE DISTRCIT OF COLORADO SHOULD GRANT GREENE'S *PRO SE* SUBMISSION
### AND
### JUDICIAL NOTICE REQUEST

---

### (2.)

The Supreme Court's order is attached in which <u>Granted</u> Greene's Motion to File Without Payment, but <u>Denied</u> leave to file a petition for writ of certiorari out of time.

The Supreme Court also ordered the case <u>Dismissed</u> at the state level, and closed the case as of December 15, 2020.

*"See Attached Order of December 15, 2020."*

In Greene's Panel Rehearing submission in the Court of Appeals, he argued that the case matter begun in small claims court in Denver County.

Small claims division of County Court substantiated Greene's claims against FRONTIER AIRLINES.

The only dispute that was before Small Claims of Denver County was Greene improperly introducing the case matter as a Small Claims case in Denver County.

Instead of Small Claims *dismissing the case matter without prejudice* or transferring the case to a different court within county court, it made a decision in an abuse of discretion type manner.

In Greene's quest to appeal a County's ruling, they did not process the matter to District Court, nor did Greene obtain anything from County Court indicating that an appeal was accepted.

Greene refiled the case matter in District Court due to all the complications.

Frontier's representatives in District Court argued that Greene sued *Frontier* again. What actually occurred was Greene's efforts to appeal County's ruling that was entered in an abusive manner.

The Court of Appeals order of September 24, 2020 instead went against Rehearing of the case matter, but provided Greene with the option to Petition in the Colorado Supreme Court.

Following the Court of Appeals order, the Denver District Court made matters more complicated for Cedric Greene with its restrictions that became active as of October 27, 2020.

The Denver District Court then ordered that case material be returned to Cedric Greene under its filing restrictions order and guidelines.

The purpose of submitting a legal request to this Court because complications made matters impossible to obtain Greene's Judgment at the state level.

As argued in the Panel Rehearing case in the Court of Appeal, small claims in Denver County substantiated the claims against Frontier Airlines.

On the other hand, the case was improperly introduced to Denver County as small claims. It should have been introduced to County Court in a different fashion.

He made a valued effort to appeal to District Court, but did not get any cooperation from County Court in his quest to overrule the Denver County official that heard the County case.

The case subjects finally made its way to the State's Highest Court in a delayed fashion.

The State's Highest Court did not accept the delayed case, and the Supreme Court's *dismissal order* supports closure at the State level.

Nevertheless, the civil claims directed at Frontier Airlines was substantiated in County Court when the case was heard under County Court case "18S00517."

Based on all of the above, Greene is presenting a legal request to the Federal Court in Colorado in efforts to take civil action against FRONTIER AIRLINES.

Sent on this 1st day of February, 2021

By: Cedric Greene

E- Signature: Cedric Greene

**{EVIDENCE RULE ATTACHMENT}**

**(3.)**

| Colorado Supreme Court<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: December 15, 2020 |
|---|---|
| Certiorari to the Court of Appeals, 2019CA811<br>District Court, City and County of Denver, 2018CV634 | |
| **Petitioner:**<br><br>Cedric Greene,<br><br>v.<br><br>**Respondent:**<br><br>Frontier Airlines, Inc. | Supreme Court Case No:<br>2020SC934 |
| ORDER OF COURT | |

  Upon consideration of the Motion to File Without Payment of Filing Fee filed in the above cause, and now being sufficiently advised in the premises,

  IT IS ORDERED that said Motion to File Without Payment shall be, and the same hereby is, GRANTED.

  The Court has reviewed the "Application for a Supreme Court Order to File a Late Petition" and "Affidavit of Cedric Greene in Support of the Request" filed in the above cause. The Court construes said documents as a motion to file a petition for writ of certiorari out of time, and now being sufficiently advised in the premises,

  IT IS ORDERED that said motion shall be, and the same hereby is, DENIED.

8

The Court FURTHER ORDERS the above-captioned matter DISMISSED

and the case CLOSED.

BY THE COURT, DECEMBER 15, 2020.



Cedric Greene
551 East 60th Street
Los Angeles, CA. 90031

U.S. District Court of Colorado
901 "19Th Street" Room A105
Denver, Colorado 80294-3589

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00385-GPG

CEDRIC GREENE,

     Plaintiff,

v.

FRONTIER AIRLINES, INC.,

     Defendant.

---

ORDER DISMISSING ACTION

---

     Plaintiff Cedric Greene, a resident of Los Angeles, California, has submitted to the Court *pro se* a "Motion Dor [sic] Leave to File a 'Pro Se' Action in the District of Colorado and Request for Judicial Notice." (ECF No. 1).

     Mr. Greene is enjoined from filing a civil action *pro se* in this Court unless he complies with the requirements of his filing restrictions under *Greene v. Office of the Comptroller of the Currency*, 19-cv-00821-LTB, ECF No. 10 (D. Colo. June 13, 2019). To file an action in this Court, Mr. Greene must take the following steps:

1. File with the Clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

    A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

    B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other

1

proceedings in the District of Colorado or any other federal court.  If so, he must cite the case number and docket number where the legal issues previously have been raised.

C.  A notarized affidavit, in proper legal form, which certifies that, to the best of Plaintiff's knowledge, the legal arguments being raised are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that this Court is the proper venue for such action, that the action is not interposed for any improper purpose such as delay, harassment, or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court.

3.  Submit the proposed new pleading to be filed in the *pro se* action.

Mr. Greene is not represented by counsel in this action, and he has failed to comply with the filing restrictions.  Therefore, the action will be dismissed because Mr. Greene failed to comply with the sanction order.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Greene files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with the sanction order restricting his ability to file *pro se* actions in the District of Colorado.  It is

FURTHER ORDERED that Mr. Greene is denied leave to proceed *in forma pauperis* on appeal.

DATED at Denver, Colorado, this __10th__ day of ___February___, 2021.

BY THE COURT:

__ s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00385-LTB

CEDRIC GREENE,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

---

## JUDGMENT

---

      Pursuant to and in accordance with the Order of Dismissal entered by Lewis T.

Babcock, Senior District Judge, on February 10, 2021, it is hereby

      ORDERED that Judgment is entered in favor of Defendant and against Plaintiff.

      DATED at Denver, Colorado, this 10 day of February, 2021.

                    FOR THE COURT,

                    JEFFREY P. COLWELL, Clerk

                    By: s/  R. Villa,
                    Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 21-cv- 00385- LTB

UNITED STATES OF AMERICA,

Cedric Greene ,

                    Plaintiff,

v.

Frontier Airlines, Inc. ,

                    Defendant.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 26 2021**

JEFFREY P. COLWELL
              CLERK

---

## NOTICE OF APPEAL

Notice is hereby given that Cedric Greene ,
                              (name the plaintiff or defendant)
in the above named case, hereby appeals to the United States Court of Appeals for the Tenth

Circuit from the Order and Judgment Dismissing Action in District Court ,
                    (describe the order and/or judgment)
entered in this action on the 10th day of February , 2021 .

Dated February 22, 2021

Signature

Cedric Greene
Printed Name

501 East 6th Street
Address

Los Angeles,      California      90021
City            State            Zip

(323) 972- 9966
Telephone Number

*Rev. 5/2019*



Cedric Greene
50 East 6th Street
Los Angeles, CA. 90021

80294-250099

U.S. District Court of Colorado
901-19Th Street - Room A105
Denver Colorado 80294-3589

U.S. POSTAGE PAID
FCM LETTER
LOS ANGELES, CA
90001
FEB 22, '21
AMOUNT
$0.55
R2305E124058-94

LOS ANGELES CA 900
ZIP
1024
80294

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 21, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

DENVER COUNTY COURT;
RODEWAY INN/OYO HOTEL,

     Defendants - Appellees.

No. 21-1051
(D.C. No. 1:21-CV-00330-LTB)
(D. Colorado)

_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

FRONTIER AIRLINES, INC.,

     Defendant - Appellee.

No. 21-1070
(D.C. No. 1:21-CV-00385-LTB)
(D. Colorado)

_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

CHARTER SPECTRUM, INC.,

     Defendant - Appellee.

No. 21-1245
(D.C. No. 1:21-CV-01613-LTB)
(D. Colorado)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.

_____

*Pro se* litigant, Cedric Greene, appeals the district court's dismissal of three civil actions he filed in the District of Colorado, one against the Denver County Court and additional defendants, one against Frontier Airlines, Inc., and the other against Charter Spectrum, Inc. The district court dismissed all three suits without prejudice, noting that it has permanently enjoined Mr. Greene from filing *pro se* civil actions in the District of Colorado without first complying with the court's filing restrictions. Because Mr. Greene did not comply with the district court's restrictions, the court dismissed his complaints.

Mr. Greene is subject to filing restrictions in this court, in addition to those imposed by the district court. On September 20, 2018, we entered an order and judgment enjoining Mr. Greene "from filing an appeal in this court that raises the same or similar issues arising out of the same or similar set of facts and circumstances as asserted in Tenth Circuit Appeal Nos. 18-3027; 18-3040; 18-3047; 18-3048; 18-3049; 17-4150; 17-4145; 16-4133; 16-4132; 16-4148, or that argues or

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

asserts a federal district court or this court should waive subject-matter jurisdiction." *Greene v. Sprint Nextel Corp.*, 750 F. App'x. 661, 666–67 (10th. Cir. 2018) (unpublished).

    None of the present appeals appear to fall within the scope of this court's filing restrictions. We accordingly will consider Mr. Greene's motions to proceed *in forma pauperis* on his three appeals. Because the district court denied Mr. Greene's application to proceed IFP and certified that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), Mr. Greene is not entitled IFP status unless we conclude that at least one of his appeals contains a nonfrivolous argument. *See Rolland v. Primesource Staffing*, 497 F.3d 1077, 1079 (10th Cir. 2007).

    Mr. Greene, however, fails to present a nonfrivolous argument in any of his appeals. On appeal, Mr. Greene does not address the basis of the district court's decision dismissing his cases without prejudice—Mr. Greene's failure to comply with the district court's filing restrictions. Instead, he presses the merits of his underlying claims as a reason for the district court's filing restrictions to be set aside. Regardless of the merits of his current cases, Mr. Greene remains subject to the district court's filing restrictions. Because he makes no attempt to dispute the district court's conclusion that he failed to comply with those restrictions, his arguments before this court are frivolous.

    Mr. Greene's argument on appeal that his cases present "no jurisdictional defects" suggests he may have confused the filing restrictions imposed by this court with those imposed by the district court. To be clear, Mr. Greene failed to meet the

district court's restrictions because he failed to file a motion for leave to proceed *pro se* before filing the actions in the district court. Although Mr. Greene is also subject to restrictions imposed by this court, none of the appeals at issue appear to be in violation of our own filing restrictions. That distinction, however, does not lessen Mr. Greene's burden to proceed IFP on appeal. To do so, Mr. Greene must advance a nonfrivolous argument in this court. He has failed to meet that burden.

First, Mr. Greene has not advanced any nonfrivolous argument challenging the district court's ruling that he failed to comply with that court's filing restrictions. Indeed, he makes no attempt to address the basis for the district court's order dismissing his district court actions. Second, Mr. Greene has similarly failed to present any nonfrivolous basis for this court to set aside the District of Colorado's filing restrictions. Federal courts have "the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006) (internal quotations omitted). Thus, even if a "small claims division . . . substantiated Mr. Greene's claims," as Mr. Greene argues, or if his claims were meritorious on some other grounds, Mr. Greene could file a *pro se* claim in the District of Colorado only if he met the district court's filing restrictions. Case No. 21-1070 ROA Vol. 1 at 5. Mr. Greene's motions to proceed *in forma pauperis* are therefore denied.

Our ruling on IFP status provides sufficient basis to dismiss these appeals. But even were Mr. Greene permitted to proceed IFP, he could not prevail on the merits. We review a district court's application of a previously imposed filing restriction for

4

abuse of discretion. *See In re Peterson*, 338 F. App'x 763, 764 (10th Cir. 2009)

(unpublished). Here, the court did not abuse its discretion in either case because

Mr. Greene failed to abide by the district court's restrictions, specifically failing to

file a motion requesting leave to file a *pro se* action. Whether Mr. Greene's claims

are meritorious is irrelevant to his failure to abide by the reasonable restrictions set

out by the district court. And that failure is sufficient to support the district court's

dismissal of all these actions without prejudice.

Finally, we note Mr. Greene's conduct here is not unique. He has repeatedly

failed to follow the filing restrictions imposed by both this court and the District of

Colorado. S*ee Greene v. Access Servs., Inc.*, 808 F. App'x 685 (10th Cir. 2020)

(unpublished); *Greene v. Office of Comptroller of Currency*, 776 F. App'x 983 (10th

Cir. 2019) (unpublished); *Greene v. Sprint Nextel Corp.*, 750 F. App'x at 666 ("We

told Greene that litigants who abuse the appellate process may be subject to filing

restrictions. Despite this warning, Greene filed the five frivolous appeals at issue here

in April and May, 2018.") (citations omitted). Mr. Greene's abusive litigation tactics

have also resulted in him being subject to filing restrictions "in the Ninth Circuit, the

Districts of Kansas and Utah, as well as federal district courts in California and

Nevada." *Greene v. Sprint Nextel Corp.*, 750 F. App'x at 666.

Given this pattern of behavior, and the resultant drain on judicial resources,

this court warns Mr. Greene that additional filings of this nature will result in further

filing restrictions, including a *per se* prohibition on appealing *in forma pauperis* the

dismissal of cases in which he makes no effort to comply with the district court's filing restrictions.

Accordingly, we **AFFIRM** the district court's dismissal of Mr. Greene's actions. We additionally **DENY** Mr. Greene's motions to proceed *in forma pauperis* on appeal and **DENY** all other pending motions.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert                                                    Jane K. Castro
Clerk of Court                                                           Chief Deputy Clerk

September 21, 2021

Mr. Cedric Greene
501 East 6th Street
Los Angeles, CA 90021

RE:     21-1051, 21-1070, 21-1245, Greene v. Denver County Court, et al
        Dist/Ag docket: 1:21-CV-00330-LTB

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has
entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

                                    Sincerely,

                                    Christopher M. Wolpert
                                    Clerk of Court

CMW/jjh

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

October 13, 2021

Mr. Jeffrey P. Colwell
United States District Court for the District of Colorado
Office of the Clerk
Alfred A. Arraj U.S. Courthouse
901 19th Street
Denver, CO 80294-3589

**RE:**      **21-1070, Greene v. Frontier Airlines**
             Dist/Ag docket: 1:21-CV-00385-LTB

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 41, the Tenth Circuit's mandate in the above-referenced appeal issued today. The court's September 21, 2021 judgment takes effect this date. With the issuance of this letter, jurisdiction is transferred back to the lower court/agency.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:      Cedric Greene

CMW/jjh

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:11 am, Oct 18, 2021*
**JEFFREY P. COLWELL, CLERK**

**UNITED STATEES DISTRICT COURT- DISTRICT OF COLORADO**
**901- 19TH Street, Room A105**
**Denver, Colorado 80294- 3589**

---

**No. 1: 21- CV- 00330- LTB**

**CEDRIC GREENE,**

**Plaintiff,**

**v.**

**DENVER COUNTY COURT; RODEWAY INN/ OYO HOTEL,**

**Defendant.**

---

**No. 1: 21- CV- 00385- LTB**

**CEDRIC GREENE,**

**Plaintiff,**

**v.**

**FRONTIER AIRLINES, INC.,**

**Defendant.**

---

**No. 1: 21- CV- 01613- LTB**

**CEDRIC GREENE,**

**Plaintiff,**

**v.**

**CHARTER SPECTRUM, INC.,**

**Defendant.**

1

---

**MOTION FOR LEAVE TO FILE AS *PRO SE* AND REINSTATE**

---

**1.**

The Tenth Circuit's *Order* and *Judgment* was issued on September 21, 2021. Greene sought rehearing in the Circuit Court, but the Court was against rehearing.

The order of their Court made reference to the filing restrictions in this Court, but declined to speak on the merits.

In accordance with the filing restrictions of this Court and *Federal Rules of Civil Procedure 7(b)(1),* Greene will ask for leave to file *pro se* and *potential reinstatement* of the listed case matters.

---

**REASONS FOR REINSTATMENT OF THE CASE ISSUES**

---

**2.**

The Tenth Circuit's order spoke about restrictions issued against Greene in other jurisdictions. That's essentially his history and reason it's complicated for him as *pro se.*

Some of the other jurisdiction's restrictions against Greene had nothing to do with litigations and case issues. That's another reason it's complicated for him as *pro se.*

In this Court on the other hand, it's unknown to Greene and others why it issued restrictions against him, but we all have an idea.

The Tenth Circuit however, expressed in its order that Greene could file a *pro se claim* in this Court if he met the district court's guidelines. It can only be met if issued opportunity.

2

As to the other jurisdictions that played with Greene's name for *non- legal reasons,* it would be greatly appreciated if they would discontinue using their authority for advantage reasons.

All of these matters were before the State Court's of Colorado, and all of the claims were legitimate.

What prevented them from succeeding *at the state level* were reasons that were beyond the control of the *pro se litigant.* The cases made their way beyond the Tenth Circuit restrictions.

The Tenth Circuit upheld the restrictions of this Court. Since their Court is in agreement to permit Greene to proceed with the matters in this Court as *pro se,* we find it fair to ask for *reinstatement.*

In asking that they be reinstated, the hope is that the Court approve Greene's *pro se status* to proceed and therefore, the legal request is respectfully presented to the Court.

---

## CONCLUSION

---

**3.**

Based upon the above, the Court is being asked for reinstatement of the above matters based on the ruling from the Tenth Circuit.

In asking for reinstatement, the Court is furthermore being asked that Mr. Greene be granted leave to proceed as *pro se.*

Dated: October 15, 2021                                        Signature: *Cedric Greene*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00385-LTB

CEDRIC GREENE,

     Plaintiff,

v.

FRONTIER AIRLINES, INC.,

     Defendant.

---

**MINUTE ORDER**

---

ORDER ENTERED BY SENIOR JUDGE LEWIS T. BABCOCK

     On October 18, 2021, Plaintiff filed a "Motion for Leave to File as Pro Se and Reinstate." (ECF No. 11). The Motion is **DENIED**.   This case was dismissed on February 10, 2021 because Plaintiff failed to comply with the filing restrictions imposed against him. (ECF No. 3).   Any additional documents filed in this case will be stricken.

Dated:   October 22, 2021

**UNITED STATES DISTRICT COURT- DISTRICT OF COLORADO**
**901 19TH Street, Room A105**
**Denver, Colorado 80294- 3589**

No. 1: 21- CV- 003300- LTB

CEDRIC GREENE,

Plaintiff,

v.

DENVER COUNTY COURT; RODEWAY INN/ OYO HOTEL,

Defendant.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*9:54 am, Oct 25, 2021*
**JEFFREY P. COLWELL, CLERK**

No. 1: 21- CV- 00385- LTB

CEDRIC GREENE,

Plaintiff,

v.

FRONTIER AIRLINES, INC.,

Defendant.

No. 1: 21- CV- 01613- LTB

CEDRIC GREENE,

Plaintiff,

v.

CHARTER SPECTRUM INC.,

Defendant.

1

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION TO THE CHIEF JUDGE OF THE U.S. DISTRICT**

---

**1.**

The Plaintiff in the above matter is a restricted filer in this Court and was given notification that the Court declined two of the three cases listed in this submission.

In this legal pleading presented to the District of Colorado, Plaintiff (Greene) ask that the matter goes before the Chief Judge of this Court.

The document is titled as a *Reconsideration to the Chief Judge of the U.S. District Court,* but in legal terms under the codes the submission is a *Relief from Judgment or Order.*

It's presented to the Chief Judge of this Court under the written provisions of Federal Rules of Civil Procedure 60(b)(6).

---

**REASONS WHY THE CHIEF JUDGE SHOULD REVIEW AND ISSUE RELIEF TO CEDRIC GREENE**

---

**2.**

The above matters reappeared in this Court from the Tenth Circuit. The Tenth Circuit's order has it that Greene must comply with the District Court restrictions.

The clerk has notified Greene that two of the above matters the Court *denied* leave to file as *pro se and reinstate.* It is expected that the exact Judge will decline the third matter thereto.

Under the provisions of Rule 60(b)(6), *the court may relieve a party from an order for any reason that justifies relief.* We have a reasonable idea for the reasons the restrictions were issued against Greene.

What's unclear is the restrictions itself. We have reasonable belief that the restriction order is more of a ban from the District of Colorado.

If the restriction is a District of Colorado ban, it has to be communicated to Greene in the form of an order from the Court.

In each recent filings by Greene in this Court, he has made efforts to comply with the restrictions of this Court in order to be issued the opportunity to proceed as *pro se.*

The orders from this Court always appear to express that Greene isn't complying with the Court's guidelines in the restriction order. That is the precise reason we submit our reconsideration matter to the Chief Judge.

In the Tenth Circuit order, the information in the order appeared as though it *was not against* Greene being issued the opportunity to proceed in this Court as *pro se.*

However, the orders coming from this Court appears as though it has the desire to go against the higher court.

In our argument for relief under Rule 60(b)(6), Greene should be granted relief from the restriction order so that matters can have an opportunity to proceed before the process in a fair manner.

If the Court wish to keep its restriction order active, we ask the Chief for the order be amended to where he is required to submit a *generalized motion requesting for authorization to pursue a civil case as pro se.*

As to the other case factors regarding Greene's submissions, we believe that others should discontinue with their dissatisfaction with Greene's filings in this federal system.

It's no different from the current circumstances of NBA player Ben Simmons. Simmons has *verbally informed the Philadelphia 76ers that he isn't mentally ready to play.*

Could it be for reasons that he has already announced in public? Simmons has repeatedly informed the 76ers of his desires to play for another NBA team.

Greene has repeatedly expressed his unwillingness to work with the system in the other state, and has never been mentally ready or eager to pursue case matters in their system.

If Greene's mental status does not prepare him to proceed in the other state as *pro se,* we find it necessary to ask that the Chief Judge of this Court work with him.

In working with the *pro se litigant,* we ask that the Chief readjust to restriction order that will issue him more advantages and options to initiate case matters.

A *motion for leave to file as pro se* without the other requirements is satisfactory. The Court could also permit him to file normally, and require opposition to challenge him on whatever case issues.

In the Adams County Combined Court, Greene is permitted to file case matters normally, without seeking any leave.

We recognize that this isn't the Justice Center, but it's still a Colorado Court on the Federal level. The Court's Chief Judge is being asked to work with this litigant for case processing reasons.

In asking that the Court work with him, we ask that this filing proceeds before the Chief Judge. The Chief Judge is being ask to vacate the restriction order, or readjust it.

It should be readjusted or vacated so that Greene's matters could be presented before the Court to obtain an opportunity to move within its process.

---

**ACTION REQUESTED**

---

**3.**

In our prayer for relief, we ask that this submission be routed to the Chief Judge of the District of Colorado. The Chief is being asked to vacate the restriction order against Greene.

If the Court wish to maintain its restrictions for other case reasons, we ask for it to be readjusted to where he is required to submit a *generalized motion seeking leave to initiate a case.*

As to Ben Simmons and the 76ers, he has recently informed them that he isn't *mentally ready to play.*

Greene informs the Chief Judge of this Court that he isn't *mentally eager or ready to be in the other state's system as nothing.*

As to these current matters, all of them can move forward in this Federal system if Greene is issued opportunity. That hasn't occurred thus far.  Is the restriction order more of a ban?

If it's a ban, we seek relief from it for all of the above.  That is why we ask that the Chief of this Court take up the matter for reconsideration purposes.

*Respectfully Submitted,*

Dated: October 22,  2021                                     Signature: *Cedric Greene*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00385-LTB

CEDRIC GREENE,

      Plaintiff,

v.

FRONTIER AIRLINES, INC.,

      Defendant.

---

**MINUTE ORDER**

---

ORDER ENTERED BY SENIOR JUDGE LEWIS T. BABCOCK

      On October 25, 2021, Plaintiff filed a "Motion for Reconsideration to the Chief Judge." (ECF No. 13). The Clerk of Court is ordered to STRIKE the motion.

      Plaintiff was warned on October 22, 2021, that this action was closed because he failed to comply with the filing restrictions imposed against him. (ECF No. 12).  He was also warned that any additional documents filed in this case would be stricken. (*Id.*).

      Plaintiff  is again advised that further filings will not be considered.  The Clerk of Court is directed to strike any future filings in this closed action.

Dated:  November 1, 2021

---

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*4:21 pm, Nov 04, 2021*
**JEFFREY P. COLWELL, CLERK**

### UNITED STATES DISTRICT COURT- DISTRICT OF COLORADO
#### 901- 19th Street- Room A105
#### Denver, Colorado 80294- 3589

---

### No. 1: 21- CV- 00330- LTB

#### CEDRIC GREENE,

#### Plaintiff,

#### v.

### DENVER COUNTY COURT; RODEWAY INN/ OYO HOTEL,

#### Defendant.

---

### No. 1: 21- CV- 00385- LTB

#### CEDRIC GREENE,

#### Plaintiff,

#### v.

### FRONTIER AIRLINES, INC.,

#### Defendant.

---

### No. 1: 21- CV- 01613- LTB

#### CEDRIC GREENE,

#### Plaintiff,

#### v.

### CHARTER SPECTRUM INC.,

#### Defendant.

---

1

## NOTICE OF APPEALS

Notice is hereby given that *CEDRIC GREENE,* in the above cases, hereby appeals to the United States Court of Appeals for the Tenth Circuit regarding all minute orders that were issued on separate dates in the above matters.

It is furthermore requested that Greene be presented with the opportunity to remove his *banned status* in the District of Colorado, because the restriction is more of a ban.

We understand and recognize that these are case matters that has been before the Tenth Circuit previously, but in these proposed appeals Greene will be appealing the ban.

If the ban is unable to be lifted, Greene will seek resolution in a different fashion for resolution of case reasons.

Mr. Greene is unable to comply with filing guidelines imposed against him if the opportunity isn't given to him by the below venue, or any other jurisdiction that has limited him.

Therefore, in accordance with Appellate Rule 4(a)(1), *CEDRIC GREENE* will ask the above Court for acceptance of this latest matter for *potential resolution purposes.*

Dated: November 4, 2021                                      Signed by: *Cedric Greene*