Tenth Circuit No. 21- 1995   **21-1395**
D.C. No. 1: 21- CV- 00385- LTB

**UNITED STATES COURT OF APPEALS- TENTH CIRCUIT**
1823 Stout Street
Denver, Colorado 80257

**CEDRIC GREENE,**

Plaintiff- Appellant,

v.

**FRONTIER AIRLINES, INC.,**

Defendant- Appellee.

*Pro Se* **APPELLANT'S OPENING BRIEF**

Cedric Greene
501 East 6th Street
Los Angeles, California 90021
Tel: (323) 972- 9966
*Email: cedricgreene33@yahoo.com*

## *STATEMENT OF THE CASE*

### 1.

Mr. Greene appeals to this Court as a result of the District of Colorado's minute order in the below case. The minute order was issued on November 1, 2021.

The minute order from the District Court express that Greene *failed to comply with the filing restrictions imposed against him.* Are the District of Colorado's restrictions more of a ban?

If the restrictions are a ban, was the District of Colorado influenced by another state to take action against Mr. Greene in their venue?

In past Tenth Circuit proceedings, this Court found that Greene's *IFP* status couldn't be approved for failures to comply with the district court restrictions. *"See Tenth Circuit No. 21- 1070."*

Mr. Greene sought rehearing, but the Court went against rehearing on October 5, 2021. In his efforts to further pursue the case in the below venue, the Senior Judge declined opportunity.

The District of Colorado's Minute Order of November 1, 2021, substantiates Greene's claim.

That order concluded that *any additional documents filed in the lower court's case would be stricken, and the Clerk of the Court wasn't able to accept any further filings.*

Finally, Bronco Nation and Greene are sadden by the loss of *Demaryius Thomas (DT-88).* DT- 88 worked in Colorado, but made his home in Georgia.

When it was time to report to work, DT- 88 made it a priority to show up to work to perform his assignments. Greene will carry on the Football spirits of DT- 88 in his work.

---

### *ISSUES PRESENTED FOR REVIEW*

---

### 2.

(a.) Should the Tenth Circuit authorize another method for Cedric Greene based on restriction reasons in a venue under its jurisdiction?

---

### *THE TENTH CIRCUIT IS BEING ASKED TO ISSUE GREENE ANOTHER OPTION DUE TO HIS STATUS IN THE BELOW VENUE*

---

### 3.

In *"Tenth Circuit No. 21- 1070,"* the order and judgment in that case noted that Greene *"is permanently enjoined from filing pro se civil actions in the District of Colorado."*

The Court's order then expressed that his past appeal didn't fall within the scope of the below Court's filing restrictions. How did the District of Colorado restrictions come about?

Is it possible that they were based on what was mentioned in the Tenth Circuit's order in *"case 21-1070?"* That order mentioned Greene's restrictions in other locations outside of this state.

What's most notable to Greene was the mentioning of another Federal Circuit that is based in California, as well as the federal district courts in that state.

What more can they do is the presented question? Why are they so driven to disrupt Greene's efforts to work with other jurisdictions away from them?

Their actions and demeanor towards Mr. Greene is exactly how they responded to President Trump when he was Commander and Chief.

They had no respect for President Trump whatsoever, and would not honor any of his executive orders he issued during his Presidency.

In each court case that their State Attorney's filed against the Trump administration, they made a valued effort to convince other State's to join in with them.

As to Mr. Greene, outside of incarceration, it's really nothing else that they can do that they haven't done already. They can't even provide a detailed reason for their *jurisdictional relief denials.*

Greene has every reason to think that the District of Colorado's restrictions are influenced by the state that blackballed his name.

If his assumptions are true, it's no other option or remedy in the District of Colorado that is available to him, *because they have been brainwashed and influenced by a group of bullies.*

It's unfortunate that others see the need to use their authority to disrupt Greene's efforts in the legal process. As a *pro se litigant,* Greene has resources available to him to guide him down the proper path.

The flip side to it is closing his options. That's what has happened in the District of Colorado. The Senior Judge has closed Mr. Greene's options in the below venue.

## *CONCLUSION AND ACTION REQUESTED*

### 4.

For those that are unaware, *DT-88* didn't reside in Colorado before he left us. He resided in another State, but performed his duties here.

Greene is no exception. He has the resources that is not against assisting him. Greene would admire the idea of carrying out the Football spirits of *DT-88* in his Colorado pleadings.

In doing so, he has to obtain opportunity, just like the Broncos provided opportunity to *DT-88*.

This Court *clearly noted that Greene is permanently enjoined from filing civil actions in the District of Colorado* in its past order. Are their restrictions influenced by the People of California and their system?

If so, the only other option that is presented to Mr. Greene in his bid to carry on the Football spirits of *DT-88* is to ask the Tenth Circuit to issue him another option under one of its legal venues.

## *CERTIFICATE OF WORD COUNT*

### 5.

I certify that the *Appellant's Opening Brief* contains a computer word count of approximately 875 words, and a total of "5" pages.

Dated: December 30, 2021                                                    Signed by: *Cedric Greene Jr.*

Cedric Greene
501 E. 6th Street
Los Angeles, CA. 90021

Tenth Circuit Court of Appeals

1823 Stout Street

Denver, Colorado 80257