FILED
United States Court of Appeals
Tenth Circuit

March 3, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| CEDRIC GREENE,<br><br>  Plaintiff - Appellant<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>  Defendant - Appellee,<br>_____<br><br>CEDRIC GREENE,<br><br>  Plaintiff - Appellant<br><br>v.<br><br>DENVER COUNTY COURT;<br>RODEWAY INN/OYO HOTEL,<br><br>  Defendants - Appellees, | No. 21-1395<br>(D.C. No. 1:21-CV-00385-LTB)<br>(D. Colo.)<br><br><br><br><br><br><br><br>No. 21-1397<br>(D.C. No. 1:21-CV-00330-LTB)<br>(D. Colo.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **CARSON**, Circuit Judges.

---

[*]  Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and Mr. Greene's briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

  Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

_____

These appeals arise from the district court's filing restrictions on Mr. Greene. Mr. Greene sued, and the court dismissed the suits for failure to comply with filing restrictions. He moved to reinstate the suits, but the court denied these motions. Mr. Greene appeals the denial of his motions, and we affirm.

**1.    The district court imposed filing restrictions on Mr. Greene.**

The district court imposed filing restrictions on Mr. Greene. *See Greene v. Office of the Comptroller of the Currency*, No. 19-cv-00821-LTB, (D. Colo. June 13, 2019), ECF No. 10.[1] Under these restrictions, Mr. Green must

(1)    file a motion requesting leave to file pro se, including

    (a)    a list of all pending cases and the current status of each one,

    (b)    a statement of the legal issues he plans to raise in the new proceeding, addressing whether he has raised them before in any federal court,

    (c)    a notarized affidavit certifying that his arguments are not frivolous and that he will follow court rules, and

(2)    submit the new proposed pleading.

---

[1]    Our court has also imposed filing restrictions on Mr. Greene. Since then, Mr. Greene has filed 28 appeals. *Greene v. First to Serve Inc.*, 2022 WL 386233, at *2 (10th Cir. Feb. 9, 2022) (unpublished).

*Id.* at 7 (*Order Dismissing Action and Imposing Filing Restrictions, Greene*). In our two suits, the district court ordered dismissal for failure to comply with some of these requirements.

Mr. Greene doesn't argue that he complied with the filing restrictions. He instead appears to question the fairness of the filing restrictions, characterizing them as a ban. But he doesn't explain this characterization or say why a ban would be improper. Regardless of the validity of the filing restrictions, we've pointed out that Mr. Greene "was required to challenge them in his appeal of the order that imposed them." *Greene v. First to Serve Inc.*, 2022 WL 386233, at *2 (10th Cir. Feb. 9, 2022) (unpublished). And we've elsewhere upheld these filing restrictions. *E.g.*, *Greene v. Denver Cty. Court*, Nos. 21-1051, 21-1070, & 21-1245, 2021 WL 4272901, at *2 (10th Cir. Sept. 21, 2021) (unpublished). Given our prior decision upholding the filing restrictions, we affirm the denials of Mr. Greene's motions for reinstatement.

**2.     Mr. Greene is not entitled to proceed *in forma pauperis*.**

Though the filing fee is $505, Mr. Greene seeks leave to proceed in forma pauperis. Because he can't afford the filing fee, we can grant Mr. Greene *in forma pauperis* status upon the assertion of a nonfrivolous argument. *See* 28 U.S.C. § 1915(a)(3); *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). But he hasn't presented a

3

nonfrivolous argument for reversal. So we deny leave to proceed in forma pauperis.

* * *

We affirm the denial of Mr. Greene's motions for reinstatement and deny his motions for leave to proceed in forma pauperis on appeal.

                              Entered for the Court


                              Robert E. Bacharach
                              Circuit Judge